UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DUSTIN STAHLE,**  CASE NO.

    **Plaintiff,**

v.

**MARTIN O'MALLEY, as Commissioner of SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

_____/

# COMPLAINT

Plaintiff, DUSTIN STAHLE, hereby sues Defendant, MARTIN O'MALLEY, as Commissioner of the SOCIAL SECURITY ADMINISTRATION, and alleges:

## JURISDICTION

1. This is an action brought under 29 U.S.C. §791 et seq. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

2. This is an action involving claims which are, individually, in excess of Seventy- Five Thousand Dollars.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, DUSTIN STAHLE, has been a resident of the State of Florida and employed by Defendant. Plaintiff is a member of a protected class because of his disability and because he reported unlawful employment practices and has been retaliated against thereafter.

4. At all times pertinent hereto, Defendant, MARTIN O'MALLEY, as Commissioner of the SOCIAL SECURITY ADMINISTRATION, has been organized and existing under the laws of the United States. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began his employment with Defendant on April 9, 2012 and, at all times pertinent to this action, has worked as an SSI Claims Specialist at Defendant's Jacksonville South Field Office.

7. Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment, and held to a different standard

because of his disability and has been retaliated against after requesting a reasonable accommodation and reporting this discrimination.

8. On May 10, 2018, Plaintiff submitted a request for reasonable accommodation to Defendant. Plaintiff requested to be able to work from home on a three day per week basis due to his anxiety and panic attacks. At the time, Plaintiff was not working from home at all.

9. Notably, Plaintiff contended that by accommodating his disability with full-time work from home, his episodes of panic attacks and depression stemming from his anxiety would be greatly lessened.

10. On December 6, 2018, Plaintiff's request was ultimately denied. Plaintiff was told his request was being denied because of a lack of medical documentation to prove his need for the accommodation.

11. In March 2020, Defendant sent all of its SSI Claims Specialists to work from home due to the COVID-19 pandemic.

12. On February 25, 2022, Plaintiff requested the reasonable accommodation of working from home full-time. This request was made due to Defendant's stated intention of requiring him to return the office.

13. In March 2022, Defendant began requiring its employees to return to the office.

14. Plaintiff's February 2022 request for accommodation requested to work from home full time in order to reduce Plaintiff's symptoms from his disabilities of anxiety and panic attacks.

15. Plaintiff's medical provider conveyed that during Plaintiff's full-time working from home, which resulted from the COVID-19 Pandemic, his anxiety and episodes of panic attacks had been reduced by a considerable amount. She stated that this fact was evidenced by Plaintiff's improvements in the areas of demonstrating and communication job knowledge and interpersonal skills/communication with customers and coworkers. This is reflected by positive feedback on performance evaluations during the timeframe which Plaintiff has worked from home. This medical record was provided to the Defendant.

16. The medical provider's evidence, provided to the Defendant, in support of the needed accommodation, showed both a medical need for Plaintiff's accommodation and that the requested accommodation was not an undue burden upon Defendant as was evidenced by the over two years Plaintiff was afforded the very accommodation he requested.

17. Nevertheless, Defendant eventually denied Plaintiff's request for accommodation one final time on July 17, 2023.

18. This time, Plaintiff's request for a reasonable accommodation was denied due to alleged required face-to-face interviewing and processing of mail and

paperwork being considered essential job duties of the Claims Specialist position in the South Jacksonville Field Office. However, Plaintiff has satisfactorily conducted his job duties remotely now for years without complaint.

19. Plaintiff has been and continues to suffer discrimination in that he continues to be denied the reasonable accommodation he seeks for his disabilities.

20. Plaintiff has been and continues to suffer retaliation at the hands of Defendant in that he continues to be denied the reasonable accommodation he request despite Defendant using onerous and shifting logic to deny the same.

21. When first denying Plaintiff's request for accommodation, Defendant reasoned that Plaintiff's medical documentation was not strong enough. Years later when denying Plaintiff's subsequent request for accommodation, Defendant deemed functions essential to his job position that are barely included in the job description, make up less than one-percent of his job duties, and are things Plaintiff has been excused from for years while still receiving satisfactory review marks belying Defendant's contention that Plaintiff is not a qualified employee.

22. Since submitting his last request for an accommodation on February 25, 2022, Plaintiff has been receiving an interim accommodation of working from home which has allowed him to telework full time since then. Plaintiff continues to be a stellar employee in his position with Defendant despite its failure to promote him to another position on at least three separate occasions.

23. Defendant, having once again discriminated against Plaintiff by denying his request for accommodation, has set him up for a last and final act of discrimination and retaliation—the termination of his employment with Defendant based upon him not being qualified which Defendant seeks to do at the next available time.

24. Plaintiff has performed the duties of his position faithfully as a qualified employee during his entire 12 year tenure with Defendant and on each occasion of his being denied a reasonable accommodation he has made a complaint with the proper administrative office and participated in investigations into discrimination and retaliation.

25. During a significant length of Plaintiff's tenure, he has performed satisfactorily as a qualified employee as evidenced by his evaluations and has done so while working from home and not performing the infinitesimal functions of his position which Defendant, in discriminating and retaliating against him, has attempted to deem as essential to the Claims Specialist position.

26. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutes referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

27. Paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

28. This is an action against Defendant for disability discrimination.

29. Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

30. Defendant is liable for the differential treatment and its refusal to accommodate the Plaintiff, as well as its refusal to engage in the interactive process with him, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.

31. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

32. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

34. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability, association with a disabled person, or perceived disability, under the laws cited herein.

35. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

## COUNT II
## RETALIATION

36. Paragraphs 1 through 26 are re-alleged incorporated herein by reference.

37. This is an action against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him.

38. Defendant is an employer as that term is used under the applicable statutes referenced above.

39. The foregoing unlawful actions by Defendant were purposeful.

40. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and has been the victim of retaliation thereafter.

41. The events set forth herein have led, at least in part, to adverse actions against Plaintiff.

42. Plaintiff is a member of a protected class because he reported unlawful employment practices and has been the victim of retaliation thereafter. He also requested accommodations and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

43. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, lost opportunities, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 19th day of August, 2024.

                                        Respectfully submitted,

                                        /s/ Marie A. Mattox
                                        Marie A. Mattox [FBN 0739685]
                                        MARIE A. MATTOX, P.A.
                                        203 North Gadsden Street
                                        Tallahassee, FL 32301
                                        Telephone:  (850) 383-4800
                                        Facsimile:   (850) 383-4801

                                        ATTORNEYS FOR PLAINTIFF